# IN THE COURT OF APPEALS OF IOWA

No. 24-0321
Filed September 17, 2025

**DAQUASHAILA AREONE JACKSON,**
 Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
 Defendant.
_____

 Appeal from the Iowa District Court for Polk County, Tabitha Turner, Judge.


 Daquashaila Jackson petitions for a writ of certiorari challenging the district court's notice of firearm prohibition. **WRIT ANNULLED.**


 Nicholas A. Jones, Assistant Des Moines Adult Public Defender, Des Moines, for plaintiff.

 Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for defendant.


 Considered without oral argument by Greer, P.J., Chicchelly, J., and Doyle, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CHICCHELLY, Judge.**

Daquashaila Jackson challenges the district court's entry of a firearms prohibition notice after she pled guilty to assault causing bodily injury. She alleges the district court's entry of the notice constituted an illegal sentence in violation of article I, section 1A of the Iowa Constitution and the Second Amendment to the United States Constitution. Because we find the firearms prohibition notice was notice of a collateral consequence of the sentence and not part of the sentence itself, we annul the writ of certiorari.

## I. Background Facts and Proceedings

Jackson pled guilty to assault causing bodily injury. She entered a written guilty plea and requested a deferred judgment. The district court granted Jackson a deferred judgment. The court entered a judgment and sentencing order, an extended no-contact order, and a notice of firearms prohibition. The notice informed Jackson that she is prohibited from possessing firearms because she "[h]as been convicted within the previous three (3) years of any serious or aggravated misdemeanor defined in [Iowa Code] Chapter 708 . . . ."

Jackson filed a motion to correct illegal sentence. She argued deferred judgments are not convictions and further argued that Iowa Code section 724.8(5) (2024) is unconstitutional under article I, section 1A of the Iowa constitution. The district court denied Jackson's motion without analyzing the constitutional claim. So, Jackson filed a motion to enlarge or reconsider. The district court summarily denied that motion without further analysis, simply stating it had provided "a thorough reasoning for the ruling."

Jackson petitioned for a writ of certiorari. The supreme court granted the petition and transferred the case to this court.

## II. Analysis

Jackson challenges the district court's entry of a firearms prohibition notice arguing it violates article I, section 1A of the Iowa Constitution and the Second Amendment to the United States Constitution. At the threshold, the State argues this issue is not properly before us because the firearm prohibition was not a part of Jackson's sentence but rather a notice of a collateral consequence. Our supreme court has twice addressed this threshold question. *See State v. Smith*, 17 N.W.3d 355, 361–63 (Iowa 2025); *State v. Kieffer*, 17 N.W.3d 651, 660–62 (Iowa 2025).

In *Smith*, the district court's sentencing order contained a general notice that convicted felons may not possess firearms in Iowa. 17 N.W.3d at 362. Subsequently, the district court issued a separate notice of firearm prohibition under Iowa Code section 724.31A.[1] *Id.* Smith only appealed the final judgment and sentence order, and the supreme court concluded "the subsequent notice of firearm prohibition is not before us." *Id.* at 363. As for the general notice in the sentencing order, the court found the notice did not specifically preclude Smith from possessing firearms. *Id.* at 363–64. Thus, the court reasoned, "the notice of

---

[1] The Iowa Legislature repealed section 724.31A, effective July 1, 2025. *See* 2025 Iowa Acts ch. 104, § 2; Iowa Const. art. III, § 26 ("An act of the general assembly passed at a regular session of a general assembly shall take effect on July 1 following its passage unless a different effective date is stated in an act of the general assembly."). But the prohibition here occurred in 2024, when section 724.31A was still in force.

firearm prohibition is not a term of Smith's sentence properly before us on direct appeal." *Id.* at 364.

In *Kieffer*, the supreme court reached the opposite conclusion, where the district court's order stated that a notice of firearm prohibition would be entered as a separate order and extended the no-contact order. 17 N.W.3d at 661. The separate no-contact order contained a paragraph specifically prohibiting the defendant from possessing firearms and requiring him to immediately deliver all firearms to the sheriff. *Id.* at 663. The defendant would be subject to contempt of court for violating the no-contact order. *Id.* In that case, the supreme court concluded the firearm prohibition was a term of the defendant's judgment and sentence order that could be addressed on direct appeal. *Id.*

We find that this case is controlled by *Smith* as the firearms prohibition was a statutory notice of a collateral consequence. *See* 17 N.W.3d at 363–64. Here, the district court's sentencing order stated, "notice is hereby given that defendant is prohibited from acquiring a pistol or revolver." The court's order specifically noted Jackson "is ineligible for a permit to carry, or to carry, a dangerous weapon under §§ 724.8, 724.8B" because she was "convicted of a serious or aggravated misdemeanor under Chapter 708." Then, the court filed the notice of firearm prohibition with its sentencing order.

Unlike *Kieffer*, the no-contact order in this case did not specifically prohibit Jackson from possessing firearms. *See* 17 N.W.3d at 663. Therefore, Jackson would not be subject to contempt for failure to comply with the firearms prohibition. *Cf. id.* (finding the defendant "could be held in contempt of the order" if he possessed firearms in violation of the no-contact order). Instead, Jackson was

ordered not to possess firearms in the district court's sentencing order only because doing so would violate Iowa Code section 724.8B. *See* Iowa Code § 724.31A (stating "[t]he clerk of the district court shall also notify the person of the prohibitions imposed" because of a judgment prohibiting the individual from acquiring a firearm). That difference is dispositive. Unlike the no-contact order in *Keiffer,* the notice provided to Jackson "does not have any independent force" and therefore is not part of his sentence. *See* 17 N.W.3d at 663 n.3.

We conclude the firearm prohibition in this case was not part of Jackson's sentence, and therefore we do not reach the merits of Jackson's constitutional challenges.

## III. Conclusion

Because we find the firearms prohibition is not part of the sentence, we annul the writ of certiorari.

**WRIT ANNULLED.**